FILED IN CHAMBERS
U.S.D.C. Rome

NOV 27 2006

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| TILLOTSON CORPORATION, d/b/a BEST MANUFACTURING COMPANY, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 4:05-CV-0232-RLV |
| TOP GLOVE SDN. BHD.; TG MEDICAL SDN. BHD.; TG MEDICAL (USA), INC.; and TOP GLOVE CORP. BHD., | |
| Defendants. | |

O R D E R

This is a patent infringement action for injunctive relief, damages, treble damages, interest, costs, and attorney's fees. Pending before the court are a motion to dismiss [Doc. No. 76-1] by Top Glove Corp. Bhd. ("Top Glove Corp.") and the plaintiff's motion for additional extension of time to conduct jurisdictional discovery [Doc. No. 88-1] regarding defendants Top Glove Sdn. Bhd. ("Top Glove") and TG Medical Sdn. ("TG Medical").

<u>Motion to Dismiss</u>

Top Glove Corp. moves to dismiss the claims against it based on improper service and lack of personal jurisdiction. After carefully considering the arguments presented, the court finds that Top Glove Corp. was properly served, but that jurisdictional discovery is warranted before the court will decide whether it may properly exercise personal jurisdiction over Top Glove Corp.

A. Improper Service

Pursuant to Fed. R. Civ. P. 12(b)(5), Top Glove Corp. asserts that it was improperly served by the plaintiffs and that the claims against it must be dismissed. This assertion arises out of the fact that once Top Glove Corp. was added as a defendant, the plaintiff attempted to perfect service of process on Top Glove Corp. by serving Mr. David Lim, who is the president of TG Medical (USA), Inc. ("TG Medical USA"), a subsidiary of Top Glove Corp. The plaintiff has been unsuccessful at serving Top Glove Corp. itself.

Top Glove Corp., a foreign corporation, argues that service was untimely because it occurred beyond the 120-day requirement of Rule 4(m), and it argues that service on Mr. Lim was insufficient under either Rule 4(h) or O.C.G.A. §§ 9-10-94 and 9-11-4, since Mr. Lim was not Top Glove Corp.'s agent for service of process. The plaintiff argues that its untimely service is excusable and that, under Federal and Georgia law, Mr. Lim is an "agent" of Top Glove Corp. who may properly receive service of process. In further support of its argument, the plaintiff also notes that Top Glove Corp. received actual notice of the lawsuit, as indicated by its timely filing of the instant motion to dismiss.

Rule 4(m) requires that service of process be made within 120 days after the filing of the complaint, and the plaintiff admits that it served Top Glove Corp. after the 120-day time limit had run. However, this court may extend the time for service of process for an appropriate period. In <u>Horenkamp v. Van Winkle and</u>

Co., Inc., 402 F.3d 1129 (11th Cir. 2005), the Eleventh Circuit loosened the time restrictions of Rule 4(m) and held that a district court has broad discretion to extend the time for service of process even when the plaintiff fails to show good cause. In Horenkamp, the lower court extended the time for filing in part because the defendant had actual notice of the suit. In affirming the district court's decision, the Eleventh Circuit noted that other reasons justifying extension are, for example, where a defendant evades service of process, conceals a defect in attempted service, or the applicable statute of limitations would bar a re-filed action. Id. at 1132-33. Given these broader limits of discretion, this court concludes that granting an extension in this case is warranted.

The plaintiff in this case made a good faith effort to perfect service of process upon Top Glove Corp. by attempting to serve its domestic agent multiple times and by sending Top Glove Corp. a waiver of service at its corporate headquarters in Malasia. Moreover, it is clear that Top Glove Corp. did in fact have actual notice of the suit because it timely filed a motion to dismiss. Therefore, this court concludes that the circumstances of this case all weigh in favor of extending the time for service of process until Mr. Lim was actually served.

Rule 4(h) governs service of process upon foreign corporations and states in relevant part that such service

> shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by

3

>     delivering a copy of the summons and of the
>     complaint to an officer, a managing or general
>     agent, or to any other agent authorized by
>     appointment or law to receive service.

Rule 4(e)(1) directs that service can be effected "pursuant to the law of the state in which the district court is located." Pursuant to O.C.G.A. § 9-10-94, foreign corporations not registered to do business in Georgia, but subject to Georgia's long-arm statute, "may be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the law of the state, territory, possession, or country in which service is made." O.C.G.A. § 9-10-94. Thus, the next issue to consider in this motion for dismissal under Rule 12(b)(5) is whether Mr. Lim is Top Glove Corp.'s agent for service of process.

In Georgia, an "agent" for service of process is not limited to one of the statutory classifications (an officer, a general or managing agent, or an appointed agent). Rather, the proper inquiry in determining whether a person is an "agent" who can properly receive service is whether service was made upon a person whose "duties and responsibilities were such as to afford reasonable assurance that he would inform his corporate principle of the service of process upon him." Ogles v. Globe Oil Co., 171 Ga. App. 785, 786 (1984). Accordingly, there is not a high standard for the degree of authority required to make a person a valid agent for service of process in Georgia.

In this case, service was perfected on Mr. David Lim. The plaintiff claims that Mr. Lim was properly served as an agent of Top Gove Corp. because Mr. Lim is the president of a domestic, wholly-owned subsidiary of Top Glove Corp. and because he is an executive director of Top Glove Corp. Top Glove Corp. does not dispute these facts. Instead, Top Glove Corp. argues that Mr. Lim is not its agent for service of process because he is not an officer, managing agent, or an appointed agent of Top Glove Corp. Despite his responsibilities as the president of one of Top Glove Corp.'s wholly-owned subsidiaries, Mr. Lim actually has no responsibility to the parent corporation like that of an officer or designated agent. Consequently, according to Top Glove Corp., Mr. Lim is not an "agent" within the meaning of Rule 4(h).

However, when considering the facts within the broad analysis provided for under Georgia law, this court concludes that Mr. Lim is an agent qualified to receive service of process for Top Glove Corp. Given the undisputed facts that Mr. Lim is an executive director of Top Glove Corp. and the president of a domestic, wholly-owned subsidiary of Top Glove Corp., it is reasonable to conclude that the plaintiff made proper service on Top Glove Corp. through Mr. Lim. Moreover, the fact that Top Glove Corp. received actual notice of the suit is properly considered as a factor in determining whether a person is a valid agent for receipt of service. Therefore, service upon Top Glove Corp. was proper, and Top Glove Corp.'s motion to dismiss under Rule 12(b)(5) is DENIED.

B. Lack of Personal Jurisdiction

Pursuant to Fed. R. Civ. P. 12(b)(2), Top Glove Corp. asserts that this court lacks personal jurisdiction and the complaint against it must be dismissed. In a case such as this, where the jurisdictional question is intimately involved with a plaintiff's patent claim, this court must apply the law of the Federal Circuit. Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359-60 (Fed. Cir. 2001).

According to Federal Circuit law, determining whether personal jurisdiction exists over a foreign defendant requires a two step analysis: (1) whether the forum state's long-arm statute permits service of process, and (2) whether asserting personal jurisdiction would violate due process. Id. at 1360. The Georgia Supreme Court has held that Georgia's long-arm statue confers personal jurisdiction to the extent permitted by the Due Process Clause. Innovative Clinical & Consulting Servs., LLC v. First National Bank of Ames, Iowa, 279 Ga. 672, 674-75 (2005). Consequently, because Georgia's long-arm statute is coextensive with the limits of due process, determining personal jurisdiction according to Federal Circuit law collapses into a single inquiry: whether exercise of personal jurisdiction comports with the requirements of due process. Inamed, at 1360. In order to make this determination, the Federal Circuit has prescribed a three part test: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." Id.

Where the parties have not conducted discovery, as is the situation in this case, the plaintiff "is required 'only to make a prima facie showing' of jurisdiction to defeat the motion to dismiss. In evaluating this showing, the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff." <u>Trintec Indus. v. Pedre Promotional Prods.</u>, 395 F.3d 1275, 1282-83 (Fed. Cir. 2005) (citations omitted).

Furthermore, if the district court concludes that the existing record is inadequate to support personal jurisdiction, then the court may order jurisdictional discovery if the plaintiff "'demonstrates that it can supplement its jurisdictional allegations through discovery.'" <u>Trintec Indus.</u>, 395 F.3d at 1283 (quoting <u>GTE New Media Servs. Inc. v. BellSouth Corp.</u>, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000)); <u>see also</u> <u>Arista Records, Inc. v. Sakfield Holding Co.</u>, 314 F. Supp. 2d 27, 29 (D.D.C. 2004)(explaining that "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum")(citation omitted).

The plaintiff in this case argues, in the alternative, for permission to conduct jurisdictional discovery in order to establish the extent to which Top Glove Corp. has sold, or continues to sell, allegedly infringing products in Georgia, as well as to establish the amount of revenue derived from the Georgia

marketplace and the nature of any distribution channels utilized by Top Glove Corp.

After carefully reviewing the arguments and evidence before the court, the court concludes that it is still unclear whether it may properly exercise personal jurisdiction over Top Glove Corp. The evidence produced by the plaintiff suggests that Top Glove Corp.'s activities in the forum state could be sufficient to exercise jurisdiction. However, there is very little evidence to show exactly how Top Glove Corp., as the parent corporation, operates along side its wholly-owned subsidiaries to sell, manufacture, and distribute the product at issue in this case. Therefore, this court concludes that conducting jurisdictional discovery is appropriate in order to ensure that the record is adequately developed for this court to determine whether in personam jurisdiction exists over Top Glove Corp. Jurisdictional discovery relative to Top Glove Corp. will proceed in the same matter as jurisdictional discovery relative to the other defendants, Top Glove and TG Medical, pursuant to this court's order of June 7, 2006 [Doc. No. 48].

### Motion for Additional Extension of Time to Conduct Jurisdictional Discovery

Similar to the motion by Top Glove Corp., this court's June 7 order dealt with a motion by Top Glove and TG Medical to dismiss the claims against those defendants for improper service and lack of personal jurisdiction. In that order, this court deferred ruling on Top Glove and TG Medical's motion to dismiss and instead

ordered jurisdictional discovery and allowed the parties time to file additional briefs regarding the propriety of exercising personal jurisdiction over Top Glove and TG Medical. The joint motion pending before the court requests three additional months to conduct jurisdictional discovery and a corresponding extension of time to file supplemental briefs by all parties.

Recognizing the possibility that this court would similarly order jurisdictional discovery regarding Top Glove Corp.'s motion to dismiss, the parties have requested permission to proceed along a concurrent time-line in which to conduct discovery and file briefs as to all three defendants. Noting the potentially significant distance required to travel by the plaintiff in order to conduct additional discovery upon the defendants who are located in Malasia, and recognizing the potentially complicated logistics of conducting discovery on all three defendants, this court concludes that it is reasonable to combine the jurisdictional discovery for all parties. Therefore, the joint motion for extension of time is hereby GRANTED. The requirements for jurisdictional discovery as to Top Glove Corp. is hereby ordered to run concurrently with the jurisdictional discovery as to Top Glove and TG Medical.

CONCLUSION

The motion to dismiss by Top Glove Corp. [Doc. No. 76-1] is hereby DENIED with respect to the timeliness and sufficiency of service and DEFERRED with jurisdictional discovery as to Top Glove Corp.'s motion to dismiss pursuant to only Rule 12(b)(2).

Jurisdictional discovery is ordered according to the time-line set forth below. The joint motion for additional extension of time to conduct jurisdictional discovery [Doc. No. 88-1] is hereby GRANTED.

The parties will have ninety days from the date of the docketing of this order during which they may engage in discovery limited to the jurisdictional issues discussed above and raised by the defendants Top Glove, TG Medical, and Top Glove Corp. in their respective motions to dismiss. The defendants Top Glove, TG Medical, and Top Glove Corp. may file a supplemental brief in support of their motions within the twenty days following the close of jurisdictional discovery.[1] The plaintiff may file a response within ten days, and the defendants Top Glove, TG Medical, and Top Glove Corp. may file a reply to the plaintiff's response within ten days thereafter.

SO ORDERED, this 27th day of November, 2006.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge

---

[1] Although Top Glove and TG Medical submitted their motion to dismiss separately from Top Glove Corp., the parties may elect to submit a single brief or reply in support of their respective motions. The plaintiff shall respond to any submission by the defendants in the same manner as they are filed.