Case 4:05-cv-00232-RLV Document 113 Filed 01/18/07 Page 1 of 6

FILED IN CHAMBERS
U.S.D.C. Rome

JAN 18 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

TILLOTSON CORPORATION, d/b/a
BEST MANUFACTURING COMPANY,

      Plaintiff,

  v.

TOP GLOVE SDN. BHD.; TG
MEDICAL SDN. BHD.; TG MEDICAL
(USA), INC.; and TOP GLOVE
CORP. BHD.,

      Defendants.

CIVIL ACTION

NO. 4:05-CV-0232-RLV

O R D E R

This is a patent infringement action for injunctive relief, damages, treble damages, interest, costs, and attorney's fees. Pending before the court are four motions filed by the plaintiff: a Motion to Compel Responses to Interrogatories [Doc. No. 90-1]; a Motion to Compel Responses to Production of Documents [Doc. No. 91-1]; a Motion to Expedite Consideration of Plaintiff's Motions [Doc. No. 94-1]; and a Motion to File Under Seal [Doc. No. 96]. For the following reasons, the plaintiff's motions to compel are GRANTED in part, the motion to expedite is DISMISSED as MOOT, and the motion to file under seal is GRANTED.

Before addressing the merits of the pending motions, the court finds it necessary to specify the defendants to whom this order applies. The plaintiff's motions ask for an order compelling three defendants, Top Glove Sdn. Bhd. ("Top Glove"), TG Medical Sdn. ("TG Medical"), and TG Medical (USA) ("TG Medical USA"), to provide full answers to jurisdictional discovery requests. However, only two of

the three defendants are proper participants in the jurisdictional discovery. TG Medical USA should not participate in any jurisdictional discovery. In this court's August 7, 2006 order [Doc. No. 72], the action against TG Medical USA was stayed pending resolution of jurisdictional issues for Top Glove and TG Medical. Consequently, TG Medical USA is relieved of any duty to act in this matter until jurisdictional discovery is concluded. The parties have not moved to vacate the stay order, and this court will not *sub silentio* do so now. The pending motions will be treated as only motions to compel defendants Top Glove and TG Medical, not TG Medical USA.

With respect to the motions to compel, the primary issue is whether the plaintiff has exceeded the scope of jurisdictional discovery. On June 7, 2006, this court ordered jurisdictional discovery to ensure that the record is adequate to determine if it may exercise personal jurisdiction over the defendants. [Doc. No. 48.] Top Glove and TG Medical object to the plaintiff's discovery requests that seek information about these defendants' activities outside of Georgia. Top Glove and TG Medical assert that the jurisdictional discovery ordered by this court is limited to requests for information on activities that are purposefully directed at residents of Georgia and that the plaintiff's discovery requests for information on activities throughout the United States are beyond the scope of discovery.

The plaintiff, though, asserts that he has two theories under which to establish personal jurisdiction-specific or general.

2

According to the plaintiff, the availability of two theories to establish personal jurisdiction enables him to seek discovery of information not only on these defendants' activities directed at the state of Georgia, but also on the defendants' activities throughout the United States. However, under either theory of personal jurisdiction, the defendants' activities outside the state of Georgia are irrelevant.

The plaintiff's complaint alleges that the defendants have committed tortious acts within Georgia. Before ruling on the defendants' motion to dismiss, this court ordered jurisdictional discovery to determine the propriety of this court's exercising personal jurisdiction over the defendants. As this court noted in the June 7 order, there are two types of personal jurisdiction, general and specific. General personal jurisdiction "arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated." Consolidated Development Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000). Specific personal jurisdiction, on the other hand, "arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." Id. at 1291. Thus, under either theory, the only relevant contact or activity for determining personal jurisdiction is that which has occurred in Georgia.

With that information, this court may then determine which theory applies to establish personal jurisdiction: specific or general. Because it is unnecessary to make that determination now, however, the court does not reach that issue. The parties will

have a full opportunity to present arguments in that regard in their supplemental briefs at the close of jurisdictional discovery. To the extent that this court's previous orders have discussed which theory is applicable to the plaintiff's claims, that is in no way a final determination of the appropriate theory. The court will revisit that issue when it rules on the defendants' motion to dismiss pursuant to Rule 12(b)(2).

Accordingly, the scope of the jurisdictional discovery ordered by this court is limited to discoverable information regarding the defendants' activities in Georgia. With respect to which products the plaintiff may conduct discovery on, the plaintiff may conduct discovery as to all of the defendants' activities in Georgia, not just nitrile glove activities in the state. The objections raised in each motion to compel are addressed below.

MOTION TO COMPEL RESPONSES TO INTERROGATORIES

The plaintiff asserts that the defendants' responses to the interrogatories are insufficient because they do not include information on activities outside of Georgia and because they limit the responses on activities within Georgia to only information relating to nitrile gloves. Also, the plaintiff requests that the defendants be compelled to provide the addresses of each individual as requested and not just the defense counsel's address.

The defendants object to the plaintiff's interrogatories as overly broad and beyond the scope of discovery. The defendants are only partially correct. While the scope of discovery is limited to the defendants' activities within Georgia, the plaintiff is

4

entitled to information regarding all of the defendants' activities in this state, not just those involving nitrile gloves. Jurisdiction may be based on either general or specific personal jurisdiction. Because there has been no determination yet as to which theory is applicable in this case, the plaintiff may conduct discovery to support either one. Also, the plaintiff is entitled to the physical address of each individual as requested, not his or her attorney's address.

With respect to the plaintiff's request for FDA Pre-Market Notification or 501(k) applications that identify any defendant or David Lim as an applicant, the defendant shall provide all information relative to applications regarding any product, not just nitrile gloves.

MOTION TO COMPEL PRODUCTION OF DOCUMENTS

In this motion, the plaintiff asks this court to order the defendants to produce documents related to all commercial activities in Georgia and the United States. The defendants object and have responded only with documents relating to nitrile gloves in Georgia.

Because the plaintiff may establish personal jurisdiction through either general or specific theories, he is entitled to evidence of all of the defendants' products sold or distributed in Georgia. However, the plaintiff is not entitled to responses concerning the defendants' activities outside of Georgia since that information is irrelevant for establishing this court's personal jurisdiction over the defendants. Again, the scope of the

jurisdictional discovery ordered by this court is limited to discoverable information regarding all of the defendants' activities in Georgia. The defendants shall respond to the plaintiff's requests by providing information on all products and business in Georgia only.

CONCLUSION

The motions to compel [Doc. No. 90-1 & 91-1] by the plaintiff are hereby GRANTED in part. The defendants shall respond to the plaintiffs discovery and document production requests with information on all activities in Georgia. Information regarding the defendants' activities outside of Georgia are beyond the scope of jurisdictional discovery, but discovery is not limited to information regarding nitrile gloves only. Also, the motion to expedite is DISMISSED as MOOT, and the motion to file under seal is GRANTED.

SO ORDERED, this 18th day of January, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge